NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
STEVEN C. THOMPSON,                 :
             Plaintiff,             :
                                    :
      v.                            :   CIVIL ACTION NO. 04-2548 (JAP)
                                    :
EVA'S VILLAGE AND SHELTERING        :
PROGRAM, et al.,                    :   **OPINION**
             Defendants.            :
_____:

APPEARANCES

Steven C. Thompson
365 Main Ave., Suite 3E
Passaic, NJ 07055
    Pro se Plaintiff

Anthony M. Juliano, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
101 Eisenhower Parkway
Roseland, NJ 07068
    Attorney for Defendants, Eva's Village
    and Sheltering Program, Derrick Williams,
    Gregory Anderson, Gloria Perez, Anthony
    McCants, and Bryant Jenkins

Evan B. Caplan, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
    Attorney for Defendant World Service Organization, Inc.

PISANO, District Judge:

Before the Court is *pro se* Plaintiff Steven Thompson's ("Plaintiff") motion seeking the Court's recusal from this matter. Also pending before the Court are Plaintiff's requests for a "reasonable accommodation" and injunctive relief. The Court will decide these matters without oral argument, as permitted by Fed. R. Civ. P. 78. After carefully considering Plaintiff's written submissions, and for the reasons that follow, the requests are denied.

Plaintiff's fifty-four page complaint "is an action to vindicate violations of the Plaintiff's Civil and Constitutional Rights and to redress the unlawful and discriminatory conduct by the above named Defendants." Thompson Complaint, ¶12. The Defendants allegedly denied Plaintiff the right to conduct prayer at Narcotics Anonymous ("NA") meetings and repeatedly instructed him not to return to future NA meetings held at Defendant Eva's Village and Sheltering Program ("Eva's Village") because of his disruptive behavior. On February 12, 2003, Plaintiff was removed from Eva's Village by an officer from the Paterson Police Department. He was told that if he returned, he would be arrested and charged with trespassing. A sign was placed on display at Eva's Village instructing members to call the police should Plaintiff return to the premises. Plaintiff alleges he was denied public access to NA meetings, was discriminated against based on his religion, and suffered religious persecution. In addition to Eva's Village and NA, the complaint names individual employees of Eva's Village and an entity know as Greater Paterson Area, Inc. ("Greater Paterson Area"). Plaintiff seeks monetary damages totaling well over $2 million and the position of Director of the Rehabilitation Program at Eva's Village, with a five-year contract at an annual salary of $60,000.

## I. Relevant Procedural History

Shortly after filing his complaint, Plaintiff filed a motion for judgment on the pleadings or in the alternative, summary judgment, based on Defendants' failure to answer. The Court denied the motion, advising Plaintiff to pursue entry of default in accordance with Federal Rule of Civil Procedure 55. Plaintiff then filed a motion for default judgment. Prior to filing the motion, counsel for Defendant NA, improperly pled as World Service Organization, entered an appearance. NA applied for an extension of time to answer and filed an opposition to Plaintiff's motion. Magistrate Judge Arleo granted the extension of time to answer and simultaneously denied Plaintiff's motion for default judgment as moot with respect to NA. The Plaintiff responded by petitioning the Court for her recusal. Finding no evidence of impartiality, bias or prejudice, the magistrate denied Plaintiff's petition.

The magistrate issued a second Order denying Plaintiff's motion for default judgment without prejudice as to the other defendants, until such time as Plaintiff obtained an entry of default. Plaintiff then filed a request for entry of default against Eva's Village, Greater Paterson Area, and the individually-named defendants. Shortly thereafter, counsel for Eva's Village and the individual defendants entered an appearance. Based on that appearance, and considering the Third Circuit's preference for adjudicating cases on the merits, the Court denied Plaintiff's request for entry of default. On reconsideration, the Court recognized that Defendant Greater Paterson Area had not yet entered an appearance. Therefore, the Court instructed the clerk's office to enter default on behalf of Plaintiff against Greater Paterson Area. Plaintiff then made a motion for default judgment.

In accordance with Federal Rule of Civil Procedure 55(b)(2), the Court ordered a proof

hearing before the magistrate judge. The Court later amended that Order to state that it would conduct the proof hearing rather than the magistrate. In addition, the Court issued an Order to Show Cause as to why the claims against Defendant Greater Paterson Area should not be dismissed because, after conducting independent research, the Court had reason to doubt that Greater Paterson Area was a legal entity subject to suit. The hearing was scheduled for the same date as the proof hearing. Plaintiff failed to appear, but instead wrote the Court requesting a reasonable accommodation due to a disability. Plaintiff indicated he suffered from coronary artery disease, hypertension and stress-related disorders. Plaintiff argued that the complexity of the litigation and the behavior of the Court had caused him stress. He charged the Court with unlawful disparate treatment for targeting him based on his disability, and requested that the hearing be postponed to May 25 or June 17, 2005.

  The Court issued an Order granting Plaintiff an adjournment on the proof hearing until May 25. Having reviewed various submissions Plaintiff sent to the Court, including a bank statement from the Greater Paterson Area Activities Committee, the Court also noted its satisfaction that Defendant Greater Paterson Area was amenable to suit, though improperly named in the complaint. Therefore, the Order to Show Cause became moot.

  During the pendency of the adjournment, Plaintiff overwhelmed the Court with letters petitioning for the Court's recusal, demanding injunctive relief to attend the next Greater Paterson Area meeting and all future NA meetings, requesting a "reasonable accommodation" based on his disabilities, complaining of inadequate discovery, petitioning the Court to issue subpoenas for the proof hearing, and threatening the Court with a lawsuit.

## II. Discussion

### *a.  Recusal*

Pursuant to 28 U.S.C. §144, "[w]henever a party . . . makes and filed a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." A judge is required to recuse himself if personal bias or prejudice exists against or in favor of any party that precludes the judge from exercising fair judgment. The bias or prejudice alleged under section144 must be grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal. *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978). Extrajudicial bias "refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). The Court must deny Plaintiff's demand for recusal under section 144, however, because Plaintiff has failed to file a "timely and sufficient" affidavit.

The Court will consider recusal more thoroughly under 28 U.S.C. § 455(a) and (b)(1). Section 455 requires a judge to disqualify oneself "in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), the test is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 201 (3d Cir. 2004). The critical factor in assessing a judge's partiality is the inability to render a fair judgment. *Liteky v. U.S.*, 510 U.S. 540, 551 (1994). More specifically, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated

5

favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.  Section 455(b)(1) is similar to section 144 in that it requires a judge's recusal if he or she has a personal bias or prejudice towards a party, and such bias is based on extrajudicial sources.  *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994).

       The Court has read Plaintiff's continuous stream of letters, and it appears that he bases his request for recusal on the Court's Order to Show Cause of March 29, 2005.  At that time, Plaintiff had secured entry of default against Defendant Greater Paterson Area, and the Court had scheduled a proof hearing on Plaintiff's motion for default judgment.  After independent research failed to reveal the existence of an entity known as "Greater Paterson Area," the Court issued the Order to Show Cause.  In that Order, the Court expressed its concern as to whether Greater Paterson Area, the only defendant not to appear in this case, was actually an existing entity subject to suit.  The Court set the date for the Order to Show Cause to coincide with the proof hearing because, in the Court's view, the issues were one in the same: for Plaintiff to offer proofs in support of his motion for default judgment, he would necessarily have to show that Greater Paterson Area was an existing entity.  Plaintiff believes that the Court's concern about the existence of Greater Paterson Area was the result of ex-parte communications.  Plaintiff has also accused the Court of acting as a lawyer for the Defendants, and he believes the Court is biased against him because it has failed to rule on his repeated requests for a "reasonable accommodation."

       The decision of whether to recuse lies within the discretion of the trial judge.  *U.S. v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).  The allegations set forth in Plaintiff's letters do not evince extrajudicial bias, nor would they cause a reasonable person to question the Court's

6

impartiality in presiding over this matter.  First, the judge did not engage in ex-parte communications regarding the existence of Greater Paterson Area.  The Court conducted independent research based on its observation that all defendants were served at the same location but only Greater Paterson Area failed to answer the complaint.  Only after failing to locate this entity did the Court issue the Order to Show Cause.  When the Plaintiff failed to appear for his hearing without informing the Court in a timely manner, the Court nonetheless adjourned the hearing date in accordance with Plaintiff's request, selecting one of two dates that Plaintiff himself suggested.  In addition to granting the adjournment, the Court acknowledged in its Scheduling Order that it reviewed documents sent by Plaintiff, including a bank statement from an entity known as the Greater Paterson Area Activities Committee, and it was satisfied that Greater Paterson Area was an entity subject to suit, though improperly named in the complaint.  Furthermore, although Plaintiff claims recusal is required because the Court has failed to rule on his request for a "reasonable accommodation," it is clear that the Court has and will continue to make efforts to accommodate the proceedings of this case with Plaintiff's medical needs.

      There is nothing to suggest bias or prejudice in these actions, as Courts often must take care to prevent judgments from being entered against fictitious or non-existent entities.  Furthermore, no reasonable person could question the Court's impartiality based on Plaintiff's complaints.  Litigants do not have the right to demand recusal based on unfavorable rulings, *SecuraComm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000), and they cannot use sections 144 and 455 to manipulate the judicial process to the point of choosing their own judge.  *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993).

### b. Reasonable Accommodation

As stated above, Plaintiff has written numerous letters informing the Court that he suffers from coronary artery disease, hypertension, stress-related disorders and diabetes. He characterizes himself as a "disabled veteran." He complains that he is stressed out. Based on his condition, Plaintiff invokes the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and demands extended time to present and argue his case.

The Court is not aware of a particular form of relief it can give Plaintiff in this respect. Discovery is ongoing, but as deadlines approach, if Plaintiff requires leniency based on his medical condition, the Court will, as it makes a habit of doing, make every attempt to accommodate the schedule in accordance with Plaintiff's medical needs. However, being "stressed out" does not satisfy the Court as a valid medical reason to skip a scheduled hearing. Nor does the failure to appear without notice. Nonetheless, the Court accommodated Plaintiff by adjourning the hearing to a later date, and in fact set the hearing for the exact date Plaintiff requested.

The Court is also compelled to make the record clear that this case has not been placed on an expedited track, nor has it been scheduled any differently from any other case. The Plaintiff filed the motion for default judgment and, under the rules, the Court is conducting a proof hearing. This Court date was brought on by Plaintiff's actions, not by the Court or by the Defendants. The Court has also attempted to schedule a status conference in order to resolve all of the outstanding discovery issues that Plaintiff has raised through his countless letters to defense counsel and the Court. Efforts are ongoing to address each of Plaintiff's letters as they are received, despite the threatening and accusatory nature of his correspondence.

As far as some type of overarching "reasonable accommodation" that Plaintiff seeks under the ADA, such a request is denied.

    c.    *Injunctive Relief*

In many of Plaintiff's letters he seeks injunctive relief that would allow him to attend all NA and Greater Paterson Area meetings. Plaintiff cites no grounds entitling him to the injunctive relief he requests. Accordingly, his motion is denied.

**III.   Conclusion**

For the reasons stated above, the Court will not recuse itself from this matter. After careful consideration of Plaintiff's letters, there is nothing to suggest personal bias or prejudice, nor are there any facts from which the Court's impartiality might reasonably be questioned. Just as a district court has a duty to recuse itself under the appropriate circumstances, it has a corollary duty not to recuse itself when there is no obligation to do so under 28 U.S.C. §§ 144 and 455. In addition, insofar as Plaintiff requests some form of "reasonable accommodation," such a request is denied and the Court will make efforts to accommodate Plaintiff's medical needs as they arise. Finally, his request for injunctive relied is denied. An appropriate Order accompanies this Opinion.

DATED: 24th of May, 2005

                                                                     s/ Joel A. Pisano
                                                                     JOEL A. PISANO, U.S.D.J.