NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
STEVEN C. THOMPSON,                :
:
       Plaintiff,          :
:
   v.                              :   CIVIL ACTION NO. 04-2548 (JAP)
:
EVA'S VILLAGE AND SHELTERING       :
PROGRAM, et. al,                   :   **OPINION**
       Defendants.         :
_____:

APPEARANCES:
Steven C. Thompson
365 Main Avenue, Suite 3E
Passaic, NJ 07055
    Pro Se Plaintiff

Anthony M. Juliano, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
101 Eisenhower Parkway
Roseland, NJ 07068
    Attorney for Defendants, Eva's Village
    and Sheltering Program, Derrick Williams,
    Gregory Anderson, Gloria Perez, Anthony
    McCants, and Bryant Jenkins

Evan B. Caplan, Esq.
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103
    Attorney for Defendant Narcotics Anonymous
    World Services, Inc. (improperly pled as World
    Service Organization, Inc.)

Ousmane D. Al-Misri
78 Clinton Avenue
Second Floor
Newark, NJ 07114
    Attorney for Defendant Greater Paterson
    Area, Inc.

PISANO, District Judge:

Before this Court is pro se Plaintiff, Steven C. Thompson's motion seeking the Court's recusal from this matter. The Court will decide this motion without oral argument as permitted by Federal Rule of Civil Procedure 78. The Court has carefully considered Plaintiff's motion for recusal and, for the following reasons, denies Plaintiff's motion.

**I.     Background**

On June 6, 2004, Plaintiff filed a complaint against defendants Narcotics Anonymous World Services, Inc. ("Narcotics Anonymous"),[1] Eva's Village and Sheltering Program ("Eva's Village"), the Greater Paterson Area, Inc., and various employees of Eva's Village. Plaintiff claimed that the defendants violated his constitutional rights and unlawfully discriminated against him by prohibiting him from conducting a prayer at Narcotics Anonymous meetings held at Eva's Village in Paterson, New Jersey.

The procedural history in this case is extensive due in no small part to the Plaintiff's profuse letter writing and motion filing.[2] Relevant to this case are the numerous motions that Plaintiff filed seeking this Court's recusal from this matter. On November 1, 2004, Plaintiff filed a motion seeking the removal of Magistrate Judge Madeline C. Arleo, which was subsequently denied. Plaintiff filed a motion for the recusal of Judges Pisano and Arleo on May 24, 2005 which also was denied by the Court. The current motion is Plaintiff's third and most recent attempt to have the Court recuse itself from this matter.

---

[1] Narcotics Anonymous was improperly pled as "World Service Organization, Inc."

[2] A more detailed description of the background and procedural history in this case is set forth in this Court's opinion denying Plaintiff's motion for recusal dated May 26, 2005.

**II.     Legal Discussion**

The decision of whether to recuse lies within the discretion of the trial judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that dictate the circumstances under which a federal judge should recuse. First, 28 U.S.C. § 144, applicable to federal district court judges, provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 144 (2005).[3]

Similar to section 144, section 455(b)(1) of the same title, applicable to all justices, judges, and magistrates of the Unites States, provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 455(b)(1). However, unlike section 144, section 455(b)(1) does not include the requirement of a timely and sufficient affidavit. See id; see also In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) ("Because § 455 places a duty directly upon the judge to evaluate his own actions, it does not require that an affidavit be filed.") Furthermore, section 455(a) states that a judge should recuse himself if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, these statutory provisions provide that there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, see 28 U.S.C. § 144, 455(b)(1)[4]; or (2) the judge's impartiality might

---

[3] Section 144 provides: "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

[4] As indicated above, although the same substantive standard applies under 28 U.S.C. §§ 144 and 455(b)(1), section 144 requires that the party seeking recusal provide a "timely and sufficient" affidavit illustrating the judge's prejudice. Plaintiff's affidavit lacks the requisite factual support to qualify as a "timely and sufficient" affidavit and thus, Plaintiff cannot meet the

reasonably be questioned, see 28 U.S.C. § 455(a).

Plaintiff's motion for the recusal of Judges Pisano and Arleo is denied because Plaintiff has not shown these judges either have a personal bias or prejudice towards Plaintiff or that their impartiality in this matter should reasonably be questioned.  Plaintiff's claims are legally unfounded and amount to nothing more than unbridled accusations.  If a party claims that a judge should recuse because of a personal bias, prejudice, or lack of impartiality towards that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal.  See Smith v. Danyo, 585 F.2d 83, 87 (3d Cir. 1978).  Extrajudicial bias "refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings."  Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. 1980).  In the absence of extrajudicial bias, a party seeking recusal must show that a judge has a "deep-seated and unequivocal antagonism that would render fair judgment impossible" to obtain recusal.  Liteky v. United States, 510 U.S. 540, 555-556 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Furthermore, if a party claims that a judge should recuse under section 455(a) because his "impartiality might reasonably be questioned" the test that applies is "whether a reasonable

---

requirements of section 144.  See Smith v. Danyo, 585 F.2d 83, 87 (3d Cir. 1978) ("In judging the sufficiency of § 144  affidavits . . . [a court] must determine that the facts establish "fair support" for the charge of bias."); Cooney v. Booth, 262 F. Supp. 2d 494, 500-01 (E.D. Pa. 2003) (stating that recusal must be based on facts in the affidavit and not on the movant's conjecture, speculation, conclusory statements or opinions (citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)).

4

person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re: Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). This is an objective inquiry that considers not only whether a judge is actually impartial but whether there is an appearance of impartiality. See In re: Community Bank of Northern Virginia, 418 F.3d 277, 320 (3d Cir. 2005).

Plaintiff has failed to show that either Judge Pisano or Judge Arleo have a personal bias or prejudice that should prevent them from hearing this case or that there is some other reason why their impartiality should be reasonably questioned. Plaintiff believes that Judges Pisano and Arleo are "ambushing" him by engaging in a "conspiracy" with counsel for the defendants to violate Plaintiff's rights. Plaintiff's support for these accusation is that he claims that the Court has (1) not disposed of the numerous discovery motions Plaintiff has filed; (2) repeatedly denied Plaintiff's motions and requests; (3) ridiculed Plaintiff because of his "spiritual path"; (3) denied Plaintiff reasonable accommodations pursuant to the Americans with Disabilities Act; (4) discriminated against Plaintiff based on his race and disability; (5) made highly prejudicial comments about the Plaintiff; and (6) engaged in improper ex parte communications with counsel for the defendants.

First, Plaintiff's accusations that this Court's disposition of Plaintiff's voluminous letter filings and motions illustrates the Court's bias, prejudice, or lack of impartiality are unfounded. Litigants do not have the right to demand recusal based on unfavorable rulings. SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Johnson, 629 F.2d at 291 (stating that scheduling or other rulings by the district court were not a basis for recusal); Smith, 585 F.2d at 87 ("The [Petitioners] also object that some rulings were wrong. Such errors,

5

even compounded, do not satisfy the requirements of § 144." ).

Second, Plaintiff's accusations that these judges are biased, prejudiced, or lack impartiality because they "ridiculed" Plaintiff's "spiritual path" or discriminated against Plaintiff because of his race or disability have no support in Plaintiff's motion or in the record. Plaintiff's claims that Judge Pisano and Judge Arleo engaged in improper ex parte communications with counsel for the defendants is also unsupported by any evidence in this matter. Thus, recusal is not warranted on any of these grounds. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not . . . required to recuse himself simply because of "unsupported, irrational, or highly tenuous speculation."); United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on "unsupported, irrational or highly tenuous speculation."); see also Cooney v. Booth, 262 F. Supp. 2d 494, 503 (E.D. Pa. 2003) (finding that unsubstantiated claims of ex parte communications between judge and defense counsel were insufficient to warrant recusal).

Next, Plaintiff's claim that the Court denied Plaintiff reasonable accommodations pursuant to the Americans with Disabilities Act fails. As stated in the Court's opinion denying Plaintiff's motion for recusal filed on May 24, 2005, this Court has and will continue to make efforts to accommodate the proceedings of this case with Plaintiff's medical needs. Insofar as Plaintiff requests some form of "reasonable accommodation" at this time for unspecified reasons, such a request is denied without prejudice and the Court will make efforts to accommodate Plaintiff's medical needs as they arise.

Further, Plaintiff's contention that this Court made unspecified "prejudicial" comments about Plaintiff is also unsupported by his submissions or by the record. To the extent that Judge

Pisano or Judge Arleo made any comments that could be considered critical of Plaintiff, recusal is not required because Plaintiff fails to show that any such comments derived from an extrajudicial source or reveal such a high degree of favoritism or antagonism to make fair judgment impossible.  See Liteky, 510 U.S. at 554; see also In re: Community Bank of Northern Virginia, 418 F.3d at 320 ("[J]udicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge (quoting Liteky, 510 U.S. at 554))."  Furthermore, "expressions of impatience, dissatisfaction, annoyance, and even anger" are generally insufficient to establish bias, prejudice, or a lack of impartiality.  See id. at 555-56.

In addition, although Plaintiff's motion is at times unclear, to the extent that Plaintiff is attempting to obtain the recusal of Judges Pisano and Arleo based on the fact that on September 21, 2005, he filed a civil suit against Judge Pisano, Judge Arleo, members of their respective chambers, and various individual attorneys who represent the defendants in Plaintiff's lawsuit, Plaintiff's motion is denied in this regard.  A judge is not disqualified under sections 144 or 455 merely because a litigant sues or threatens to sue him. United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977).  To hold otherwise would permit Plaintiff to improperly "judge shop" to select the judge that he prefers to handle the case.  See In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000); Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993).

To the extent that Plaintiff is attempting to obtain recusal based on the fact that Judge Pisano allegedly presided over another case involving Plaintiff, the motion is denied.  A judge is not disqualified from presiding over a matter because he has presided over some other case involving the same party.  See Power v. Dep't of Labor, No. C.A. 02-169-GMS, 2002 WL

976001, at *1 (D. Del. May 3, 2002) ("Federal judges are not required to recuse themselves from matters simply because they presided over an earlier matter involving the same party (citing United States v. Litesky, 973 F.2d 910, 910 (11th Cir. 1992))."

      Finally, Plaintiff briefly states in his motion that he is seeking injunctive relief ordering another Judge to grant Plaintiff's motions. Plaintiff also states that he is seeking a declaration that Judge Pisano's actions are unconstitutional. Plaintiff cites no grounds entitling him to the injunctive or declaratory relief that he requests. Accordingly, such motions are denied.

**III.**     **Conclusion**

      For the reasons stated above, the Court will not recuse itself from this matter. After careful consideration of Plaintiff's filings, there is nothing to suggest personal bias or prejudice, nor are there any facts from which a reasonable person with knowledge of all of the facts would conclude that the Court's impartiality might reasonably be questioned. Litigants are not permitted to use sections 144 and 455 to select the judge that they prefer to handle the case. See Alexander, 10 F.3d at 162. Just as a district court has a duty to recuse itself under the appropriate circumstances, it has a corollary duty not to recuse itself when there is no obligation to do so under 28 U.S.C. §§ 144 and 455. It is "vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational, or highly tenuous speculation." See Cooney v. Booth, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003) (quoting Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)). These are precisely the types of allegations that Plaintiff sets forth. Accordingly, Plaintiff's motion is denied. An appropriate order accompanies this opinion.

      The Court has now considered three recusal motions that are based upon the same allegations. These motions were without merit and consumed inordinate time and resources of

the Court. Therefore, the Court will enter an order to show cause requiring Plaintiff to state why he should not be barred from filing any future motions for recusal.


DATED: 4th of October, 2005

s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.
