NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
STEVEN C. THOMPSON,                     :
                                        :
          Plaintiff,                    :
     v.                                 :   CIVIL ACTION NO. 04-2548 (JAP)
                                        :
EVA'S VILLAGE AND SHELTERING            :
PROGRAM, et. al,                        :   **OPINION**
          Defendants.                   :
_____:

APPEARANCES:
Steven C. Thompson
365 Main Avenue, Suite 3E
Passaic, NJ 07055
     Pro Se Plaintiff

Anthony M. Juliano, Esq.
Wolf, Block, Schorr & Solis-Cohen LLP
101 Eisenhower Parkway
Roseland, NJ 07068
     Attorney for Defendants, Eva's Village
     and Sheltering Program, Derrick Williams,
     Gregory Anderson, Gloria Perez, Anthony
     McCants, and Bryant Jenkins

Evan B. Caplan, Esq.
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103
     Attorney for Defendant Narcotics Anonymous
     World Services, Inc. (improperly pled as World
     Service Organization, Inc.)

Ousmane D. Al-Misri, Esq.
78 Clinton Avenue
Second Floor
Newark, NJ 07114
     Attorney for Defendant Greater Paterson
     Area, Inc.

PISANO, District Judge.

Pro se Plaintiff, Steven C. Thompson, brings this action against Defendants Narcotics Anonymous World Services, Inc. ("NAWS"),[1] the Greater Paterson Area, Inc. ("Greater Paterson"), Eva's Village and Sheltering Program ("Eva's Village"), Derrick Williams, Gregory Anderson, Sister Gloria Perez, Anthony McCants, and Ronald Bryant Jenkins[2] (collectively, the "Defendants"). Jurisdiction is premised on 28 U.S.C. § 1331. Currently before the Court are Defendants' respective motions for summary judgment. Plaintiff has not formally opposed these motions.[3] The Court also considers Plaintiff's motion to amend his complaint which was filed on February 15, 2006. For the following reasons, Plaintiff's motion for leave to amend his complaint is denied. Defendants' motions for summary judgment are granted.[4]

---

[1] Narcotics Anonymous World Services, Inc. was improperly pled as World Service Organization, Inc.

[2] Ronald Bryant Jenkins was improperly pled as Bryant Jenkins.

[3] Plaintiff's original response to Defendants' motions for summary judgment was due on January 13, 2006. Plaintiff requested, and was granted, two extensions of this date. By order dated February 3, 2006, the Court emphasized that if Plaintiff did not file his brief by February 8, 2006, which gave him almost two months to respond to the motions, the Court would treat the motions as unopposed. Plaintiff did not file his brief by February 8, 2006. He claims, first, that he did not receive timely notice of the Court's order. Despite this claim of untimely notice, as of the date of this opinion, Plaintiff has not filed a formal opposition to these motions. Further, Plaintiff continues to claim that he needs more time to oppose these motions; however, during the two months he had to oppose these motions, Plaintiff managed to inundate the Court with four lengthy motions and at least seven voluminous letters.
Plaintiff's most recent letter, dated February 17, 2006, while apparently in response to a February 14, 2006 letter submitted to the Court by NAWS, contains various statements in response to Defendants' motions for summary judgment. Even though this submission is untimely and in violation of the Court's February 3, 2006 order, the Court will again accommodate Plaintiff by taking into account his letter in ruling on these motions.

[4] The Court decides these motions without oral argument as permitted by Fed. R. Civ. P. 78.

I.      **Factual History**

Plaintiff was a sixteen-year participant in the drug recovery program, Narcotics Anonymous, or "NA."[5] During his participation in NA, Plaintiff regularly attended meetings held at Eva's Village in Paterson, New Jersey. Plaintiff attended these meetings in an effort to cure his drug addiction through the Narcotics Anonymous twelve-step self-help program.

The Narcotics Anonymous twelve-step program is a product of literature that is developed and sold by NAWS, the national organization of Narcotics Anonymous. Greater Paterson is a service organization that is permitted to use the Narcotics Anonymous name and literature to conduct local NA meetings. Greater Paterson operates twenty NA meetings in the Paterson, New Jersey area, including five meetings held at Eva's Village, a service facility that provides meals, shelter, and drug and alcohol recovery programs for people in need. Individual defendants Derrick Williams, Gregory Anderson, Sister Gloria Perez, Anthony McCants, and Ronald Bryant Jenkins are employees of Eva's Village.

Beginning in approximately the summer of 2002, Plaintiff complained to staff members at Eva's Village about what he perceived to be his "right to close a meeting with the prayer of his choice," namely, the "Lord's Prayer." Plaintiff was not permitted to close meetings with this prayer because of objections by other NA members. The Sixth Tradition of Narcotics Anonymous prohibits NA groups from endorsing any outside enterprise, such as a specific

---

[5] In his February 17, 2006 letter to the Court, Plaintiff claims that he did not attend NA meetings at Eva's Village and "at no time was [Plaintiff] affiliated with Eva's Village." This statement is completely contradictory to allegations in Plaintiff's complaint and the evidence in the record. Further, it is absurd considering Plaintiff's participation in NA meetings at Eva's Village is the subject of this lawsuit.

religion, in an effort to maintain the focus of meetings on recovery from addiction. Plaintiff's complaints became disruptive to the NA meetings. Accordingly, on January 29, 2003, Ronald Bryant Jenkins of Eva's Village informed Plaintiff that he was no longer welcome at NA meetings at Eva's Village.

Plaintiff returned to a NA meeting on February 12, 2003. Sister Gloria Perez, Executive Director of Eva's Village, called the Paterson Police Department to report that Plaintiff was trespassing at Eva's Village. An officer responded and removed Plaintiff from the premises. Sister Perez did not file a criminal complaint against Plaintiff; however, the officer informed Plaintiff that if he returned to Eva's Village, he would be arrested for trespassing.

On June 6, 2004, Plaintiff filed the instant complaint alleging that Defendants violated the following constitutional, statutory, and common law provisions by prohibiting him from conducting prayer at NA meetings and removing him from the facility allegedly because of his religious beliefs:[6]  (1) First Amendment; (2) Fourteenth Amendment; (3) 42 U.S.C. § 1983; (4) 42 U.S.C. § 1985; (5) 42 U.S.C. § 2000a; (6) 18 U.S.C. § 371; (7) 18 U.S.C. § 245(b)(2)(B); (8) Federal Hate Crimes Act; (9) New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 et seq. ("NJLAD"); (10) New Jersey Hate Crimes Act, N.J.S.A. § 2C:44-3e; (11) fraud; (12) misrepresentation; (13) defamation; (14) false light; and (15) harassment.[7]

---

[6] Although Plaintiff makes reference to his race, African-American, and a purported disability, Plaintiff provides no evidence that his race or alleged disability played any role in the events giving rise to this lawsuit.

[7] The Court delineated Plaintiff's alleged causes of action in its November 10, 2005 letter order.

## II.  Procedural History

The procedural history in this case is extensive. Plaintiff filed a Motion for Judgment on the Pleadings or in the alternative a Motion for Summary Judgment which was denied by the Court on September 17, 2004. Plaintiff then filed numerous motions seeking the recusal or disqualification of Judge Pisano and Magistrate Judge Madeline C. Arleo, which were denied and affirmed on appeal by the United States Court of Appeals for the Third Circuit. On September 15, 2005, Defendants filed motions for summary judgment arguing that Plaintiff's claims were barred by the New Jersey Charitable Immunity Act, N.J.S.A. § 2A:53A-7 (2005). By letter order dated November 10, 2005, the Court denied Defendants' motions because the New Jersey Charitable Immunity Act does not apply to Plaintiff's non-negligence claims. In its November 10, 2005 letter order, the Court also denied Plaintiff's Cross-Motion for Summary Judgment. The Court permitted Defendants to file motions for summary judgment that addressed the validity of the various non-negligence causes of action alleged by Plaintiff. Plaintiff moved to amend his complaint.

## III.  Motion to Amend Complaint

On February 15, 2006, while the instant motions for summary judgment were pending, Plaintiff filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15. Plaintiff claims that amendment of his complaint is warranted because Plaintiff wishes to add a party, add new claims, dismiss a claim, correct certain errors in the pleadings, and discuss purported changes in the law and purported "new evidence."

Pursuant to Rule 15(a), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. This provision does not apply to this case because

Defendants filed answers to Plaintiff's complaint on October 6, 2004, December 2, 2004, and June 14, 2005. Accordingly, Plaintiff may only amend his complaint if he either receives written consent of his adversaries, which Plaintiff does not have,[8] or leave of Court. Although leave to amend should be "freely given," a district court may deny a motion to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. See, e.g., Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).

The Court denies Plaintiff's motion because his proposed amendments are untimely, substantially prejudice the Defendants, and are futile.[9] First, Plaintiff unduly delayed in filing his proposed amended complaint, which was filed over one and one-half years after his original complaint was filed on June 6, 2004. Plaintiff provides no valid reason for this delay. Further, the Court's review of Plaintiff's proposed amended complaint reveals that it essentially recites the same facts and arguments presented in his original complaint. See Hill, 411 F.3d at 134 (affirming district court's denial of leave to amend where rather than explaining the cause of her delay in proposing amendments, plaintiff devoted most of her brief to re-arguing her original claims).

To the extent he sets forth any new facts, it is clear that Plaintiff was aware of such facts,

---

[8] Defendant NAWS submitted a letter to the Court on February 14, 2006 vehemently objecting to Plaintiff's proposed amendments to his complaint.

[9] Although none of the Defendants filed substantive motions objecting to Plaintiff's proposed amended complaint, given the protracted history of this case and in the interests of judicial economy and the Court's need to manage its own docket, the Court adjudicate's Plaintiff's motion to amend without substantive responses from Defendants.

6

as well as the existence of William ("Bobby") Singletary, the individual Plaintiff wishes to add as a defendant, at the time he originally filed this lawsuit. See Duffy v. Charles Schwab & Co., Inc., No. CIV.A. 98-4595, 2001 WL 1104689, at *1-2 (D.N.J. Sept. 4, 2001) (denying leave to amend under Rule 15(a) and noting that plaintiffs were aware of the facts relating to their amended claims at the time they originally filed their complaint). In fact, Plaintiff specifically mentions Mr. Singletary and discusses his conduct in his original complaint.

Moreover, the Court finds that granting Plaintiff's motion to amend his complaint would significantly prejudice the Defendants because it would require Defendants to have to amend their motions for summary judgment or file additional dispositive motions in this matter. Further, Defendants would be forced to expend additional cost and preparation in defending against Plaintiff's accusations. See Duffy, 2001 WL 1104689, at *1-3 (denying leave to amend because such would prejudice the defendant where summary judgment motions were pending and allowing amendment would result in increased cost, preparation, and motion practice).

Further, Plaintiff's proposed amendments would ultimately be futile. The new evidence and changes in law that Plaintiff relies on are irrelevant to this case and do not change the ultimate outcome. See Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) (affirming district court's denial of leave to amend where plaintiff's additional allegations were essentially irrelevant to the disposition of the matter). Additionally, a review of Plaintiff's proposed new causes of action reveals that Plaintiff provides no specific facts to sustain legally sufficient claims for a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; negligence; promissory estoppel; abuse of process; intentional infliction of emotional distress; and intentional

interference with his membership in NA. See Oran, 226 F.3d at 291 ("Futility is governed by the same standard of legal insufficiency that applies under rule 12(b)(6)."); Boerger v. Commerce Ins. Services, No. Civ. 04-1337, 2005 WL 3235009, at *3 (D.N.J. Nov. 28, 2005) (stating that if the proposed amendment is frivolous or states a claim that is legally insufficient on its face, the court may deny leave to amend). Thus, the Court denies Plaintiff's motion to amend his complaint.

**IV.     Motions for Summary Judgment**

**A.     Legal Standard**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. Pollock v. American Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d

Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. Anderson, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. Big Apple BMW v. BMW of North America, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.     **First Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983 Claims**

Plaintiff alleges that Defendants violated Plaintiff's First Amendment rights of free speech, religion, and assembly, as well as the Equal Protection Clause of the Fourteenth Amendment, by denying Plaintiff the opportunity to close NA meetings with the prayer of his choice and subsequently preventing him from attending NA meetings at Eva's Village.

Plaintiff further alleges that Defendants' conduct violated his civil rights pursuant to 42 U.S.C. § 1983 (2006). To state a claim under § 1983, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In order for Plaintiff to establish that Defendants violated the First Amendment, Fourteenth Amendment, or § 1983, Plaintiff must show that the alleged discriminatory conduct involved state action. See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982) (stating that the Fourteenth Amendment has a state action requirement); Versarge v. Twp. of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir. 1993) (indicating that state action is required to trigger application of the First Amendment (citing New York Times Co. v. Sullivan, 376 U.S. 254, 265

9

(1964))); see also Am. Mfrs Mut. Ins. Co., 526 U.S. at 50 ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation omitted)). If the conduct satisfies this state action requirement, it also constitutes action "under color of state law" for § 1983 purposes. Id. at 295 n.2 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982)).

Defendants are undisputably private entities and individuals. Accordingly, their private conduct will only satisfy the state action requirement if there is such a close connection between the seemingly private behavior and the state action that the behavior " 'may be fairly treated as that of the State itself.' " Brentwood Academy v. Tenn. Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).[10]

Plaintiff fails to satisfy the state action requirement. First, Plaintiff fails to allege that NAWS or Greater Paterson had *any* connection to a state official or entity, let alone the type of close connection that would justify a suit against these defendants for constitutional violations.

Furthermore, Plaintiff's claim that Eva's Village and its employees violated his rights under the constitution and § 1983 also fails because Plaintiff has not established the requisite state action. Plaintiff's sole "state action" allegation is that Sister Perez of Eva's Village called the Paterson Police Department on February 12, 2003 to report Plaintiff for trespassing after employees at Eva's Village told Plaintiff not to return to the facility. An officer responded to the

---

[10] There is no evidence that Defendants perform government functions, that they were coerced to perform such functions, or that Defendants operate in significant interdependence with the state. See, e.g., Bailey v. Harleysville Nat. Bank & Trust Co., No. Civ. A. 02-1541, 2005 WL 2012024, at *3 (E.D. Pa. Aug. 22, 2005). The Court also notes that Plaintiff has not even named any state official or entity as a defendant in his complaint.

call and removed Plaintiff from the premises. This allegation is insufficient to establish state action or a deprivation of Plaintiff's rights under color of state law. See Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 271-73 (2d Cir. 1999) (holding that a private citizen's act of seeking assistance of the police in quelling a disturbance by a customer did not establish state action); Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 404-05 (S.D.N.Y. 2004) (same); Liwer v. Hair Anew, No. 99-Civ. 11117, 2000 WL 223828, at *2 (S.D.N.Y. Feb. 25, 2000); ("Even assuming, arguendo, that defendant called the police for assistance, this does not mean that defendant so closely aligned itself with state actors as to come within the purview of § 1983).[11] To hold otherwise would render private citizens open to constitutional and § 1983 liability every time they called the police for legitimate assistance. Plaintiff has provided no evidence to support his bare assertions that the phone call to the police was anything other than a legitimate request for help.

Accordingly, Plaintiff's First Amendment, Fourteenth Amendment, and § 1983 claims are dismissed.

**C.     Claims Pursuant to 42 U.S.C. § 1985**

Plaintiff alleges that Defendants violated 42 U.S.C. § 1985(3), which prohibits conspiracies to deprive an individual of the "equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Because § 1985(3) does not provide its own substantive rights, the rights vindicated by this section must be found elsewhere. See United

---

[11] The holdings in Ginsberg, Johns, and Liwer dealt specifically with the "under color of state law" requirement in § 1983 claims. The Court sees no reason why the principles of these cases should not be applied to its analysis of both the § 1983 and constitutional claims posited by Plaintiff in this matter.

Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO et al. v. Scott, 463 U.S. 825, 833 (1983).  In support of his § 1985(3) claim, Plaintiff alleges a conspiracy to violate his First and Fourteenth Amendment rights.  Thus, Plaintiff must show state involvement in the alleged conspiracy.  Id. at 831-32; see also Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 226 (6th Cir. 1991) (stating that where a § 1985(3) claim is based on a conspiracy to violate rights secured under the First and Fourteenth Amendments, the complainant must show state involvement in the conspiracy); Hauptmann v. Wilentz, 570 F. Supp. 351, 385 (D.N.J. 1983) ("[W]hen the alleged conspiracy is aimed at interfering with rights that are by definition rights only against state interference . . . the plaintiff in a § 1985(3) suit must establish that the conspiracy contemplated state involvement.").  As stated in section IV.B. above, Plaintiff has not shown such state action and accordingly, his § 1985(3) claims are dismissed.

D.    **Claims Pursuant to 42 U.S.C. § 2000a**

Plaintiff asserts that Defendants violated Title II of the Civil Rights Act, codified at 42 U.S.C. § 2000a by discriminating against him in denying him access to Eva's Village on the basis of his religious beliefs.[12]  Section 2000a prohibits discrimination on the basis of, among other things, religion, in denying a person access to a place of public accommodation.  42 U.S.C. § 2000a.

---

[12] Plaintiff cannot claim that he was improperly denied access to NA or Greater Paterson under Title II because both of those organizations lack a fixed situs.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 755-56 (9th Cir. 1994) (indicating that Title II of Civil Rights Act requires that plaintiff show that the organization is connected to a particular location in order for the organization to be a place of public accommodation under the Act); Welsh v. Boy Scouts of Am., 993 F.2d 1267, 1269-70 (7th Cir. 1993) (affirming district court's conclusion that Boy Scouts of America was not a place of public accommodation under Title II of the Civil Rights Act because it was a membership organization that lacked a close connection to a particular site or facility).

The Court initially notes that it is skeptical that Eva's Village is a place of public accommodation for purposes of 42 U.S.C. § 2000a because it may not have the requisite ties to interstate commerce.  See, e.g., United States v. Landsdowne Swim Club, 894 F.2d 83, 86 (3d Cir. 1990) ("Under [42 U.S.C. § 2000a] a place of public accommodation has two elements: first, it must be one of the statutorily enumerated categories of establishments that serve the public . . . second, its operations must affect commerce."); Marsh v. Delaware State University, No. Civ.A. 05-00087JJF, 2006 WL 141680, at *5 (D. Del Jan. 19, 2006) ("Section 2000a of Title II of the Civil Rights Act, creates a private cause of action to remedy discrimination in public accommodations affecting interstate commerce.").  However, the parties did not brief this issue.  Accordingly, the Court presumes that Eva's Village is a place of public accommodation.

In any event, Plaintiff's § 2000a claims against NAWS and Greater Paterson are dismissed because there is no dispute that neither of these Defendants prevented Plaintiff from attending NA meetings at Eva's Village.  Instead, Plaintiff alleges that employees of Eva's Village prohibited Plaintiff from attending such meetings.

Furthermore, with respect to Eva's Village and its employees, Plaintiff's claims are dismissed because the record in this case is devoid of any evidence that Plaintiff was discriminated against based on his religious beliefs.  See McAllister v. Greyhound Lines, Inc., No. CIV.A. 96-2225, 1997 WL 642994, at *7-8 (D.N.J. Oct. 7, 1997) (granting summary judgment on plaintiff's Title II claim where the record was "devoid of any evidence that [plaintiffs] were discriminated against").  Although Plaintiff conclusorily states numerous times that he was discriminated against because of his religious beliefs, Plaintiff presents no facts to support these assertions.  While Plaintiff's insistence on closing NA meetings with the prayer of

13

his choice undoubtedly instigated the chain of events giving rise to his ban and removal from Eva's Village, there is no evidence to suggest that his removal was for anything other than his disruptive behavior after being informed he could not close the meeting with the "Lord's Prayer." Accordingly, Plaintiff's claim of religious discrimination pursuant to 42 U.S.C. § 2000a is dismissed.

**E.     Claims Pursuant to 18 U.S.C. §§ 371 & 245(b)(2)(B)**

Plaintiff claims that Defendants violated 18 U.S.C. §§ 371 and 245(b)(2)(B) by conspiring to commit an offense against the United States and conspiring against Plaintiff to deprive him of his constitutional and civil rights.  Sections 371 and 245(b)(2)(B) are federal criminal statutes and thus they do not convey a private right of action.  See, e.g., Maier v. Phillips, No. 99-7120, 2000 WL 234453, at *2 (2d Cir. Feb. 1, 2000) (dismissing claim brought pursuant to 18 U.S.C. § 371 because § 371 is a criminal statute that affords no private right of action); Fechter v. Shiroky, No. 04-16047, 1995 WL 377155 at *4 (9th Cir. June 23, 1995) (affirming dismissal of § 245 claims because, as a criminal statute, there is no private right of action); Rockefeller v. U.S. Court of Appeals Office, For The Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing plaintiff's § 371 claims because there is no private right of action); John's Insulation, Inc. v. Siska Const. Co., Inc., 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (finding that § 245 does not create a private right of action for damages).  Accordingly, since Plaintiff does not have the right to bring claims pursuant to 18 U.S.C. §§ 371 and 245(b)(2)(B), such claims are dismissed.

**F.     Claims Pursuant to the "Federal Hate Crimes Statute"**

Plaintiff alleges that Defendants engaged in acts which violated the "Federal Hate Crimes

Act;" however, Plaintiff fails to specify which federal statute Defendants allegedly violated. Thus, Plaintiff fails to state a claim for relief. To the extent that Plaintiff is referring to 18 U.S.C. § 245(b)(2)(B), this claim is dismissed for the reasons stated in section IV.E. above.

G.    **New Jersey State Law Claims**

Since the Court has dismissed all of the federal claims in this action over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's New Jersey state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."); see also Jerrytone v. Musto, No. 04-4145, 2006 WL 162656, at *6 (3d Cir. Jan. 23, 2006) (affirming district court's decision not to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to § 1367(c)(3) after court granted summary judgment in favor of defendant on all of plaintiff's federal claims).

V.    **Conclusion**

In conclusion, for the reasons stated above, the Court denies Plaintiff's motion to amend his complaint. The Court also grants Defendants' motions for summary judgment on all of Plaintiff's federal claims and, pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's New Jersey state law claims. Accordingly, Plaintiff's complaint is dismissed and this matter is hereby closed. An appropriate order accompanies this opinion.

DATED: 24th, of February, 2006                    s/ Joel A. Pisano
                                                  JOEL A. PISANO, U.S.D.J.