**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

**LETTER ORDER**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:   *Steven C. Thompson v. Eva's Village and Sheltering Program, et al.,* Civil Action No. 04-2548 (JAP)

Dear Parties:

Currently before the Court is a motion filed by pro se Plaintiff, Steven C. Thompson on August 26, 2008 requesting that the Court reconsider its February 24, 2006 decision awarding summary judgment in favor of the Defendants and dismissing plaintiff's Complaint. In his Complaint, Mr. Thompson asserted numerous constitutional, federal, and state law claims premised on allegations that defendants barred him from a Narcotics Anonymous meeting due to his religious beliefs. Defendants oppose the motion.

**I.    Background**

The procedural history in this case is extensive. Plaintiff filed a Complaint in this matter on June 6, 2004. Plaintiff filed a Motion for Judgment on the Pleadings or in the alternative a Motion for Summary Judgment which was denied by the Court on September 17, 2004. Plaintiff then filed numerous motions seeking the recusal or disqualification of Magistrate Judge Madeline C. Arleo and the undersigned, which were denied by this Court and affirmed on appeal by the United States Court of Appeals for the Third Circuit.

On September 15, 2005, defendants filed motions for summary judgment arguing that plaintiff's claims were barred by the New Jersey Charitable Immunity Act, N.J.S.A. § 2A:53A-7 (2005). By letter order dated November 10, 2005, the Court denied defendants' motions because the New Jersey Charitable Immunity Act did not apply to plaintiff's non-negligence claims. In its November 10, 2005 letter order, the Court also denied plaintiff's Cross-Motion for Summary Judgment. The Court permitted defendants to file motions for summary judgment that addressed the validity of the various non-negligence causes of action alleged by plaintiff. Plaintiff then moved to amend his complaint but his request was denied, and summary judgment was awarded to defendants on plaintiff's federal law claims, by the Court's February 24, 2006 Order. In the opinion accompanying this Order, the Court declined to exercise jurisdiction over the remaining claims, which were matters of state law exclusively. The Third Circuit affirmed the Order and denied Plaintiff's appeal on June 18, 2007.

In April 2006, following the February 24, 2006 Order, plaintiff re-filed his Complaint in state court in Passaic County. The parties engaged in discovery in the state court action, and summary judgment was awarded to the defendants on April 4, 2008. Plaintiff appealed the adverse ruling and it appears that the appeal is currently pending. The instant motion, filed by plaintiff on August 26, 2008, is but one of a long series of related, often duplicative, filings by Mr. Thompson.

**II.      Discussion**

   **A.      Local Civil Rule 7.2(b)**

The Court need not, in its discretion, consider Plaintiff's lengthy and meandering submissions because they are in violation of Local Civil Rule 7.2(b), which provides: "[a]ny brief . . . shall not exceed 40 ordinary typed or printed pages . . . excluding pages required for the table of contents and authorities. Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief." By filing a 150-page memorandum of law in support of his motion without petitioning the Court for leave to file an overlength brief in either instance, Plaintiff has clearly run afoul of this requirement. Moreover, Plaintiff's 100-page reply brief violates Rule 7.2(b)'s mandate that reply briefs be limited to fifteen pages. *Id.* There is absolutely no record of Plaintiff having applied for, or obtained, leave to file an overlength brief.

Courts in this district have admonished parties, including those proceeding *pro se*, for violating Rule 7.2(b) and have repeatedly refused to consider briefs submitted in violation of the rule. *See, e.g., Andrews v. Marriott*, 2008 U.S. Dist. LEXIS 50590, *4 n.2 (D.N.J. June 25, 2008) (noting, "Parties, even those proceeding *pro se*, must comply with Local Rule 7.2(b), and limit their briefs accordingly"); *Lombardi v. Morris County Sheriff's Dep't*, 2007 U.S. Dist. LEXIS 59279, *5-6 n.31 (D.N.J. Aug. 14, 2007) (refusing to consider an overlength reply brief for failure to comply with Rule 7.2(b) and 7.1, which prohibits reply briefs for motions to reconsider under that rule); *In re Nice Sys. Sec. Litig.*, 135 F. Supp. 2d 551 (D.N.J. 2001) (denying without prejudice motion to file an amended complaint due to failure to comply with Rule 7.2(b)).

Though the Court need not consider Plaintiff's submissions, it will exercise the discretion afforded the tribunal under Local Rule 83.2(b) to consider the merit of plaintiff's motion.

   **B.      Federal Rule of Civil Procedure 60(b)**

Plaintiff asks this Court to set aside its February 24, 2006 Order, apparently alleging it was obtained through fraudulent representations, and that "the attorneys [for defendants] collectively wrote [the undersigned]'s opinion [and] engaged in ex parte communication." (Reply ¶ 11.) Though he moves for reconsideration purportedly on the basis of fraud, and despite the countless accusations and bald legal conclusions contained in his briefs, Mr. Thompson has failed to identify anywhere in his voluminous briefing papers any specific acts which would constitute fraud and instead seems to fault the tribunal (and in fact accuse it of "conspiring" with

defendants) for having rendered a decision that is unsatisfactory to him. Quite simply, plaintiff fails to raise a single ground which would warrant reconsideration of the Court's February 24, 2006 Order under Federal Rule of Civil Procedure 60(b).[1]

> Rule 60(b) provides, in pertinent part:
>> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons...(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud...The motion shall be made within a reasonable time, and for reasons ... (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

A motion under Rule 60(b) is not intended to provide the litigant the opportunity to reargue points raised and rejected in the underlying final order, but rather, represents an attempt by the federal judicial system to balance the occasionally conflicting goals of finality and fairness. *See Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) ("The general purpose of Rule 60 which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."). For this reason, relief under Rule 60 is traditionally considered extraordinary and is only sparingly afforded. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1987); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (stating that relief under Rule 60(b) is warranted under only the most extraordinary of circumstances and that grounds of inequity or "manifest injustice" alone fail to meet the exacting standard). A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances," *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981) (internal quotations omitted), and the Court is given broad discretion to deny or grant relief in light of the particular circumstances.

Plaintiff's motion must fail for several reasons. First, Plaintiff's motion is time barred, as he did not file the Rule 60(b) within one year of this Court's February 24, 2006 Order as required by Rule 60(c). The Third Circuit has held that the filing of an appeal does not toll the time period prescribed by Rule 60(b) (*see, e.g. Moolenaar*, 822 F.2d at 1346 n.5), but because Mr. Thompson filed the instant motion over one year after his appeal had been denied, even a tolled time period could not cure the deficiency. Such a delay without explanation or justification cannot be "reasonable" so as to excuse Mr. Thompson's delay under Rule 60(c).

Second, plaintiff has failed to satisfy the substantive requirements of relief under Rule 60(b)(2) or 60(b)(3), and instead devotes over 250 pages to rearguing issues which this Court has previously adjudicated. As the Third Circuit has observed, "[d]isagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary

---

[1] Because Plaintiff does not allege any clerical mistake, the Court assumes he intends his motion for reconsideration to be predicated on Rule 60(b), and not 60(a).

circumstance." *Bierley v. Shimek*, 153 Fed. Appx. 87, 89 (3d Cir. 2005).  For example, Mr. Thompson takes particular issue with alleged misrepresentations by defendants' attorneys regarding the respective status of their clients as charitable organizations under the New Jersey Charitable Immunity Act, N.J.S.A. § 2A:53A-7 (2005).  This issue was fully adjudicated in the Court's November 10, 2005 letter order and plaintiff was free to make any and all related arguments prior to that ruling.  Notably, the Order plaintiff seeks to vacate contained no conclusions regarding that statute.  Mr. Thompson also makes numerous arguments challenging the Court's conclusions in its Order that defendants were not state actors, and contending that Eva's Village constitutes a place of public accommodation,[2] arguments which were made or could have been made at the time defendants' summary judgment motion was pending.  In short, plaintiff offers no circumstances, extraordinary or otherwise, to warrant the extraordinary relief he seeks.

### III.   Conclusion

Based on the above, plaintiff's motion for reconsideration is denied and this case remains closed.  In addition, in light of Mr. Thompson's frequent, inappropriate filings in this matter and because the docket is closed, the Clerk is directed to return to Mr. Thompson any further filings he attempts to submit in connection with this docket.

**SO ORDERED.**

Dated: October 20, 2008                                         /s/ JOEL A. PISANO
                                                                United States District Judge

---

[2] The Court notes that in its February 24, 2006 Order, it assumed, albeit skeptically, that Eva's Village was a place of public accommodation but granted summary judgment on Mr. Thompson's Civil Rights Acts claims on other grounds.